PER CURIAM.
The Florida Bar has filed a complaint in this Court against Samuel Benson Berger, one of its members. Following a hearing before a Bar referee it had been recommended that Berger be suspended from the practice of law. Improperly, Berger filed a Notice of Appeal from the recommendation and the referee’s report. The Bar moved to dismiss the appeal or to give Berger an extension of time to file the proper papers. The alternative motion was granted by order of this Court. The order expressly required Berger, if he wanted review, to file a petition for review and a brief. Berger filed a petition requesting oral argument but he did not file the brief. For failure to conform to the Rules and our order, the request for oral argument is denied. We have considered Berger’s petition and find it to be meritless.
Disciplinary proceedings, under Article XI of the Integration Rule, were initiated by the Bar against Berger. He was charged with four counts of violations of the Code of Professional Responsibility. The first concerned his failure to properly account for monies entrusted to him by a client and to withdraw from a case after being discharged. The second involved statements made to the U. S. Secret Service which called into question his fitness to practice law. The third and fourth charged forgery and mishandling of real estate transactions. Berger admitted to the referee assigned to hear the matter guilt of each charge.
The referee reported that independent of Berger’s admissions there existed ample evidence of guilt as to each charge. He recommended that Berger be suspended from the practice of law for one year and after that time be allowed to resume practice only upon a showing of rehabilitation and fitness. Further, he recommended that Berger be ordered to resolve the complaints made to the Bar against him in a number of cases listed in the referee’s report; or that he enter binding arbitration as to all issues in the listed cases; and that he file quarterly statements with the Clerk of this Court accounting for monies or property held by him in trust in his name or in the name of D. or Dora Berger.
There is sufficient evidence to support the referee’s findings and we think his recommendations are in the best interests of the public and the legal profession. We hereby suspend the respondent from the practice of law for one year and thereafter until he demonstrates rehabilitation and fitness to practice. We order, too, that respondent comply with the other recommendations made by the referee. Respondent is ordered to pay the costs of these proceedings in the amount of $656.90.
It is so ordered.
OVERTON, C. J., and BOYD, ENGLAND, SUNDBERG and KARL, JJ., concur.
HATCHETT, J., concurs in part and dissents in part with an opinion.