PER CURIAM.
This is a Florida Bar disciplinary proceeding in which Samuel B. Berger is charged with collecting a clearly excessive fee, failure to protect the interest of his client upon withdrawal, failure to refund unearned fees, and failure to maintain complete records. We have jurisdiction,[1] approve the findings and recommendations of the referee, and suspend respondent for a three-year period.
The record reflects the following. In 1976, Ms. Sarah Callan retained respondent to represent her in a medical malpractice action. No fee arrangement was made initially although Ms. Callan, through installments, paid respondent a total of $600 for what she believed was to be used as costs. Some months later the parties entered into a contingency fee agreement, and respondent filed suit on Ms. Callan’s behalf. After doing nothing to forward the case for a period of months and without informing Ms. Callan, respondent withdrew and referred the case to another attorney. He never refunded or accounted for any of the funds forwarded to him.
The referee found:
that the $600 payment made by Complainant was a deposit toward costs to be incurred in connection with Complainant’s medical malpractice action. If the $600 was in fact a fee charged by Respondent for representation of Complainant in only the medical mediation portion of the action, as alleged by Respondent in his answer, I find the fee to be clearly excessive and that Respondent failed to properly account to Complainant. If the contingent fee contract superceded [sic] any prior agreement as to a fee to be earned by Respondent, then Respondent would not have been entitled to any fee and must return the balance of the $600 payment less expenses. Otherwise, the fee is clearly excessive (since the fee earned would have been zero.)[2]
The referee recommended that respondent be found guilty of violating his oath as an attorney and of Disciplinary Rules 2-106(A) and (E), 2-110(A)(3), and 9-102(B)(3) and (4). He further recommended that respondent be suspended from the practice of law for a period of three years and thereafter until he proves rehabilitation and for an indefinite period until respondent makes restitution to his client and pays the cost of this proceeding. The referee also recommended that in the event respondent is not readmitted after three years, he be required to retake the Florida Bar examination for admittance.
We have fully considered the record and approve the referee’s findings and recommendations. It should be noted that although respondent filed an answer before the referee, he did not appear either by counsel or in pro se. Respondent filed no brief in this Court. We also note, as did the referee, that respondent has a prior disciplinary record, having been suspended for a one-year period for a prior separate offense. See The Florida Bar v. Berger, 358 So.2d 14 (Fla.1978). Although the prior suspension *417 period has expired, respondent has not yet petitioned for readmittance and consequently remains suspended.
It is hereby ordered that respondent is suspended from the practice of law for an additional three-year period effective from the date of this decision and thereafter until he proves rehabilitation. We direct that respondent make restitution to his client for $463 and pay the cost of these proceedings in the amount of $222.80.
It is so ordered.
ADKINS, Acting C. J., and OVERTON, ENGLAND, ALDERMAN and MCDONALD, JJ., concur.

. Art. V, § 15, Fla.Const.

. We note that Ms. Callan sued and received a $533 judgment against respondent for the money forwarded to him. Callan v. Berger, No. 78-2643 (Fla. Dade Cty. Ct. 1978).